NITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
:
MPHASIS CORPORATION,                :
:
            Plaintiff,              :
:
    -against-                       :   Case No. 1:25-cv-03175 (JMF)
:
ALBERT ROJAS,                       :
:
            Defendants.             :
:
------------------------------------X

---

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' EX PARTE MOTION FOR ALTERNATE SERVICE**

---

Kimberly R. Karseboom
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C
599 Lexington Ave, 17th Floor
New York, New York 10022
(212) 492-2500

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ................................................................................................ 1

II. RELEVANT FACTUAL ALLEGATIONS ............................................................................ 1

III. ARGUMENT ................................................................................................................................ 3

    A. Legal Standard ................................................................................................................. 3

    B. Mphasis Has Reasonably Attempted to Effectuate Service on Rojas ........................... 4

    C. Service of the Summons and Complaint by Email is Reasonably Calculated to Inform the Defendant of the Action ................................................................................................. 5

IV. CONCLUSION ............................................................................................................................ 5

i

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Madison Pac. Trust Ltd. v. Groza*,
    25-cv-00645 (PKC), 2025 U.S.Dist. LEXIS 69164............................................................3, 4, 5

*Safran Elecs. & Defense SAS v. Exail SAS*,
    2025 WL 327921 (S.D.N.Y. Jan. 29, 2025) ...............................................................................5

**Federal Statutes**

18 U.S.C. § 1030, *et seq.*................................................................................................................1

18 U.S.C. § 1831, *et seq.*................................................................................................................1

**Rules**

Fed. R. Civ. P. 4..............................................................................................................................1

I.  **PRELIMINARY STATEMENT**

Plaintiff Mphasis Corporation ("Mphasis") respectfully submits this memorandum of law in support of its motion for alternate service of the Summons and Complaint by email on Defendant Albert Rojas ("Rojas") pursuant to Fed. R. Civ. P. 4 as Rojas is abroad in France and has refused to provide an address at which he can be served.

The Complaint filed by Mphasis asserts claims against Rojas for (1) misappropriation of trade secrets in violation of the Defend Trade Secrets act pursuant to 18 U.S.C. § 1831, *et seq.*; (2) misappropriation of trade secrets in violation of New York common law; (3) breach of duty of loyalty; (4) conversion; (5) breach of contract; (6) violation of the Computer Fraud and Abuse Act pursuant to 18 U.S.C. § 1030, *et seq.*; (7) defamation *per se*; and (8) federal trademark infringement.

Mphasis hired a private investigator, Brad Kelly ("Kelly"), to contact Rojas and set an appointment with him to collect his laptop and to serve him. Rojas agreed to meet Kelly at Rojas' apartment on April 17, 2025 to arrange the collection. When Kelly arrived at Rojas' apartment, Rojas was not present and the doorman informed Kelly that Rojas had not been home in over a month. When asked by the undersigned by email, Rojas refused to provide an address in France at which he can be served. However, Rojas confirmed via email that he has received the Complaint and would be representing himself.

Here, it is clear that Mphasis has reasonably attempted to effectuate service on Rojas and due to Rojas' behavior, the Court's intervention is necessary. Thus, Mphasis seeks leave of the Court to serve Rojas with the Summons and Complaint by email at rojas.albert@gmail.com.

II.  **RELEVANT FACTUAL ALLEGATIONS**

Rojas was hired by Mphasis in October 2024 as a Client Technical Specialist (AI). ECF No. 1, ¶ 12. Upon hiring, Rojas signed multiple agreements providing for the protection of

confidential information and for the return of said confidential information upon separation from the company, including his client-issued laptop. *Id*. at ¶¶ 13-28. Rojas was later terminated in March of 2025 for multiple violations and security breaches. *Id*. at ¶¶ 42-43.

After his termination, Rojas created two unauthorized websites using Mphasis' logo and posted confidential information on those websites. *Id*. at ¶¶ 44-45, 59-60. Rojas also created a spoof email address impersonating Mphasis CEO Nitin Rakesh and communicated with employees of Mphasis and clients. *Id*. at ¶ 63. Rojas' continued behavior is the subject of this lawsuit.

On April 16, 2025, Mphasis filed its Complaint in the Southern District of New York. ECF No. 1.

On April 11, 2025, Kelly spoke to Rojas by telephone and they agreed to meet at Rojas' New York apartment on April 17, 2025. Karseboom Declaration, Ex. J, Kelly Declaration, ¶ 6. On April 17, 2025, Kelly attempted service on Rojas at his New York residence. *Id*. at ¶ 7. Kelly's attempt was unsuccessful as Rojas was not present. *Id*.

Also on April 17, 2025 at 11:19 a.m., Rojas emailed Mphasis' counsel, the undersigned, from rojas.albert@gmail.com, with the subject line "Formal Notice of Factual Inaccuracy in Mphasis Claim." Karseboom Declaration, Ex. A. Rojas quoted from the filed Complaint, specifically paragraph 35, and indicated that he felt the allegation was false. *Id*.

At 12:25 p.m., Rojas again emailed Mphasis' counsel from rojas.albert@gmail.com asking for a FedEx return label for his QBE-issued laptop, despite Kelly attempting to retrieve it as agreed that same day. Karseboom Declaration, Ex. B.

At 12:51 p.m., Rojas again emailed Mphasis' counsel from rojas.albert@gmail.com alleging that the Complaint was retaliation and that he was currently in France but he "will formally address this matter upon [his] return." Karseboom Declaration, Ex. C.

2

At 1:45 p.m., Rojas again emailed Mphasis' counsel from rojas.albert@gmail.com declining to provide an address in France at which he can be served. Karseboom Declaration, Ex. D.

At 5:47 p.m., Rojas again emailed Mphasis' counsel from rojas.albert@gmail.com stating that Mphasis would "receive [his] formal response along with a counterclaim shortly." Karseboom Declaration, Ex. E.

On April 18, 2025 at 4:12 a.m., Rojas again emailed Mphasis' counsel from rojas.albert@gmail.com, this time including Mphasis client employees, attaching the Complaint from the lawsuit herein and stating he was in Cannes. Karseboom Declaration, Ex. F.

At 8:13 a.m., Rojas again emailed Mphasis' counsel from rojas.albert@gmail.com requesting 10 years of severance and confirming that Mphasis confidential information remains on his personal laptop. Karseboom Declaration, Ex. G.

At 9:02 a.m., Rojas again emailed Mphasis' counsel from rojas.albert@gmail.com forwarding confidential emails from Mphasis' client QBE, again confirming he has not destroyed confidential information post-separation. Karseboom Declaration, Ex. H.

### III. ARGUMENT

**A.  Legal Standard**

Rule 4(f)(3) allows for service on a foreign defendant by any "means not prohibited by international agreement[,]" such as the Hague Convention. Fed. R. Civ. P. 4(f)(3); *Madison Pac. Trust Ltd. v. Groza*, 25-cv-00645 (PKC), 2025 U.S.Dist. LEXIS 69164[1], at *5 (S.D.N.Y. Apr. 10, 2025). "Where the location of an individual is likely to be found in a foreign country but his address

---

[1] The case is not yet on Westlaw and therefore a copy of the decision is annexed to the Karseboom Declaration as Exhibit I.

3

is unknown, the Hague Convention does not apply." *Madison Pac. Trust Ltd.* at *6. Courts in this Circuit have authorized alternative service under Rule 4(f)(3) when a plaintiff shows (1) that the plaintiff has reasonably attempted to effectuate service on the defendant and (2) that the circumstances are such that the court's intervention is necessary. *Id.* at *7. Further, Where the plaintiff has demonstrated that the defendant's exact whereabouts are unknown and that sending the summons to the email address for the defendant is reasonably calculated to inform the defendant of the action and afford him the opportunity to respond satisfies the Due Process required under Rule 4(f)(3). *Id.* at *8.

Additionally, under Local Civil Rule 6.1(d), this Court may grant an *ex parte* order "upon a clear and specific showing by affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary." As Mphasis has immediate need for relief to serve Rojas and Rojas is being uncooperative, the Court should grant an *ex parte* order. *See* Karseboom Declaration.

B.   **Mphasis Has Reasonably Attempted to Effectuate Service on Rojas**

Here, it is clear that Mphasis has reasonably attempted to effectuate service on Rojas. Brad Kelly, by phone on April 11, 2025, agreed to meet with Rojas at his home on April 17, 2025 to retrieve the client-issued laptop in Rojas' possession, and Kelly was to serve Rojas with the Complaint at that time. Karseboom Declaration, Ex. J. When he appeared on April 17, 2025 at Rojas' residence, Rojas was not present and his doorman informed Kelly that Rojas had not been home for over a month. *Id*.

On that same day, in response to multiple emails from Rojas indicating he was in France, Mphasis' counsel requested an address in France at which Rojas could be served with the Complaint. Karseboom Declaration, Ex. D. Rojas declined to provide one or a date when he would be in New York again. *Id*. Therefore, as Mphasis attempted to effectuate service on Rojas at his

4

residence and would have attempted to serve him at his location in France, it is clear that there was a reasonable attempt to effectuate service on Rojas sufficient for Rule 4(f)(3).

**C.    Service of the Summons and Complaint by Email is Reasonably Calculated to Inform the Defendant of the Action**

Service by email has been authorized by the Courts of this circuit. *Madison Pac. Trust Ltd.*; *Safran Elecs. & Defense SAS v. Exail SAS*, 2025 WL 327921, at *5 (S.D.N.Y. Jan. 29, 2025). Serving the Summons and Complaint on Rojas by email is the most effective way to ensure that Rojas is informed and has the opportunity to respond. First, Rojas has already confirmed receipt of the Complaint and quoted the Complaint to Mphasis' counsel in an email from rojas.albert@gmail.com on April 17, 2025. Rojas also forwarded a copy of the Complaint to QBE employees. Therefore, it is obvious that he is in possession of the Complaint.

Further, Rojas has sent eight emails to Mphasis' counsel from rojas.albert@gmail.com since the Complaint was filed, referencing the Complaint and offering rebuttals. When Mphasis asked Rojas to provide an address at which he can be served through email to rojas.albert@gmail.com, Rojas responded from that same email address declining to provide one. Thus, email to rojas.albert@gmail.com is the most reasonably calculated way to ensure that Rojas is served with the Summons and Complaint.

## IV.    CONCLUSION

For the foregoing reasons, Mphasis requests that the Court authorize service of the Summons and Complaint by email to rojas.albert@gmail.com, and granting such other and further relief the Court deems appropriate.

Dated: New York, New York
April 21, 2025

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.

By: */s/ Kimberly R. Karseboom*
Kimberly R. Karseboom
599 Lexington Avenue, 17th Floor
New York, New York 10022
(212) 492-2500
kimberly.karseboom@ogletree.com
patrick.collins@ogletree.com

*Attorneys for Plaintiff
Mphasis Corporation*

6