UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
MPHASIS CORPORATION,                                                    :
:
                                Plaintiff,                                :
:      25-CV-3175 (JMF)
          -v-                                                      :
:      <u>ORDER</u>
ALBERT ROJAS,                                                           :
:
                              Defendant.                                 :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       As discussed on the record at the telephone conference this afternoon:

- No later than **May 27, 2025**, Defendant shall file an answer to the Complaint in accordance with the requirements set forth in the Federal Rules of Civil Procedure and this Court's Local Rules.

- No later than **May 27, 2025**, Defendant shall also file any opposition to Plaintiff's motion for a preliminary injunction, *see* ECF No. 11, in accordance with the Court's Local Rules, including Local Civil Rule 7.1(c).[1] Defendant should address in any opposition whether there is a need for an evidentiary hearing in connection with the motion for preliminary injunction and/or discovery. In the event that Defendant consents to converting the temporary restraining order into a preliminary injunction, Defendant shall promptly notify the Court in lieu of filing any opposition.

---

[1]    Local Civil Rule 7.1(c) provides in relevant part as follows:

    If filed by an attorney or prepared with a computer, briefs in support of and in response to a motion (except for motions for reconsideration) may not exceed 8,750 words, and reply briefs may not exceed 3,500 words; if filed by a party who is not represented by an attorney and handwritten or prepared with a typewriter, briefs in support of and in response to a motion may not exceed 25 pages, and reply briefs may not exceed 10 pages. These limits do not include the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, but do include material contained in footnotes or endnotes. If a brief is filed by an attorney or prepared with a computer, it must include a certificate by the attorney, or party who is not represented by an attorney, that the document complies with the word-count limitations. The person preparing the certificate may rely on the word count of the word-processing program used to prepare the document. The certificate must state the number of words in the document.

- Plaintiff shall file any reply by **June 3, 2025**.

- The parties are directed to contact the Chambers of Magistrate Judge Ona T. Wang no later than **May 13, 2025**, to schedule a settlement conference as soon as practicable and are urged to try in good faith to resolve this dispute.

- The Court notes that there is a *Pro Se* Law Clinic in this District to assist parties in civil cases who do not have lawyers. The Clinic may be able to provide Defendant with advice in connection with this case. The *Pro Se* Law Clinic is run by a private organization called the City Bar Justice Center ("CBJC"); it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the *Pro Se* Intake Unit). To receive limited-scope assistance from the clinic, Defendant should make an appointment by completing the CBJC's online intake form, located at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project.

- To the extent that Defendant has filed any answers or oppositions to Plaintiff's motion to date, the Court will disregard those filings pending the new submissions discussed above. Defendant is cautioned not to file duplicative submissions going forward — i.e., to file only one opposition to any request for relief by Plaintiff and to file only one motion for any single request for affirmative relief. If Defendant continues to file excessively, the Court may strike Defendant's submissions or impose additional sanctions.

- Pursuant to the Court's Individual Rules and Practices in Civil *Pro Se* Cases, a copy of which is attached to this Order, all communications with the Court by a *pro se* party should be filed with the *Pro Se* Intake Unit by either (1) emailing the communication as an attachment in PDF format to Pro_Se_Filing@nysd.uscourts.gov (for instructions, see https://nysd.uscourts.gov/forms/instructions-filing-documents-email); or (2) mailing the communication to the *Pro Se* Intake Unit, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007.[2] **No documents or court filings should be sent directly to Chambers. Copies of correspondence between a *pro se* party and counsel shall not be sent to the Court.**

- *Pro se* parties are encouraged to consent to electronic service via ECF as it would ensure that the *pro se* party would receive documents in its case promptly by email instead of by regular mail. The consent form, along with instructions on how to fill it out, can be found at https://www.nysd.uscourts.gov/forms/consent-electronic-service-pro-se-cases. Unless and until a *pro se* party consents to receive electronic service, however, counsel are required to serve that *pro se* party with copies of documents filed with the Court and to file affidavits of such service with the Court thereafter.

- In accordance with the Court's Individual Rules and Practices in Civil *Pro Se* Cases,

---

[2] In the alternative, the Court's Individual Rules and Practices provide instructions for delivering communications to the *Pro Se* Intake Unit by hand.

requests for an extension or adjournment made by counsel with access to ECF may be made only by letter-motion filed on ECF. Requests for an extension or an adjournment made by a *pro se* party may be made by letter. All such requests must be received at least 48 hours before the deadline or conference. The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court. Unless counsel and any *pro se* party are notified that the conference has been adjourned, it will be held as scheduled.

- Plaintiff shall serve a copy of this Order on Defendant by email and, no later than **May 7, 2025**, file proof of such service on ECF.

Per the rulings made on the record during the conference, the Clerk of Court is directed to terminate ECF Nos. 19, 20, 21, 22, 49, 52, 55, 56, 57, and 59.

SO ORDERED.

Dated: May 6, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge