**Ogletree Deakins**

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

599 Lexington Ave, Fl 17
New York, New York 10022
Telephone: 212-492-2500
Facsimile:  212-492-2501
www.ogletree.com

Kimberly R. Karseboom
(212) 492-2078
kimberly.karseboom@ogletree.com

May 8, 2025

**VIA ECF**

District Judge Jesse M. Furman
U.S.D.C., Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

    RE:    *Mphasis Corporation v. Albert Rojas*
             Civil Action No. 25-03175

Dear Judge Furman:

    I am writing to put the Court on notice that Defendant has violated the Temporary Restraining Order dated May 6, 2025 ("TRO"), on two separate occasions.

    On May 7, 2025 at 1:49 p.m., Defendant emailed the undersigned and Julie Anderson, counsel for QBE, from "legal@mphasis.cloud," which has the display name "Legal." Exhibit A. This is specifically prohibited by the TRO, which provides "Rojas shall cease using any email addresses impersonating Mphasis CEO Nitin Rakesh or an employee of Mphasis, including creating email domain names resembling that of Mphasis, its employees, or its Legal Department."

    On the same day, Defendant sent confidential PowerPoints and internal Mphasis communications to the undersigned and Julie Anderson, after stating on the record to Judge Furman that he was not in possession of any confidential information. Exhibit B. The TRO provides: "Rojas shall not, directly or indirectly, access, possess, disclose, and/or utilize for any purpose all confidential information, trade secrets, and other confidential or proprietary information owned, maintained, and/or utilized for the benefit of Mphasis, including but not limited to Mphasis emails and any documents, digital or hardcopy, created or used for Mphasis' clients."

    Defendant not only possessed the confidential information in contradiction to his statement to the Court, but he disseminated the information to non-party Julie Anderson. The zip file contained PowerPoint presentations designed for a sales pitch to QBE as well as contact information, including personal mobile numbers, to over a dozen Mphasis employees. The zip file also contained Teams chats between Mphasis employees as well as Mphasis email chains. The undersigned confirmed with Ms. Anderson that she has deleted the zip file.

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Columbus ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Fresno ▪ Greenville
Houston ▪ Indianapolis ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis ▪ Montréal (Canada) ▪ Morristown
Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland, ME ▪ Portland, OR ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ Salt Lake City ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Washington

May 8, 2025
Page 2

      Defendant later emailed Julie Anderson writing "Julie—don't worry about the 66-page PowerPoint. It was a sales pitch. (Yikes!) I trimmed it down to 8 pages myself. That's what I actually used." Exhibit C. Defendant, by his own admission, emailed a QBE sales pitch by Mphasis to QBE's counsel. He also wrote that he would not delete any confidential information. Ex. C.

      It is clear that Defendant has no intention of abiding by the TRO, given his two violations in the same day he received a copy of it and refusal to delete confidential information in his possession. Defendant does not understand the gravity of the situation and has instead sent six more emails to the Pro Se Clerk to file various documents, ignoring the Court's warnings against doing so.

      As such, Plaintiff requests that the Court issue appropriate sanctions in the form of attorney's fees for this filing against Defendant to ensure his compliance with the TRO. In an effort to keep attorney's fees low, Plaintiff submits this motion in letter form. As "a court may assess attorney's fees as a sanction for the 'willful disobedience of a court order,'" Plaintiff requests that particular sanction be assessed against Defendant. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991).

      I thank the Court for its time and attention to this matter.

Sincerely,

Kimberly R. Karseboom

Mindful that the parties have a telephone conference scheduled with Magistrate Judge Wang, and to facilitate resolution of this case, the application is DENIED, without prejudice to renewal in the event of further violations of the Temporary Restraining Order ("TRO"). The Court reminds Defendant that the TRO is a court order, the willful violation of which may result in the imposition of sanctions -- financial or otherwise. The Court also reminds Defendant that the TRO requires Defendant to cease using or creating "email domain names resembling that of Mphasis, its employees, or its Legal Department," and prohibits Defendant from accessing, possessing, disclosing and/or using all confidential Mphasis information, "including but not limited to Mphasis emails and any documents, digital or hardcopy, created or used for Mphasis' clients." ECF No. 65. The Court hopes and assumes that Defendant will comply with these and all other provisions of the TRO going forward and that there will be no further issues.

The Court also reiterates that Defendant should refrain from duplicative and/or inappropriate submissions to the Court.

Plaintiff shall promptly serve a copy of this endorsed letter on Defendant by email and docket proof of such service.

The Clerk of Court is directed to terminate ECF No. 82.

SO ORDERED.

May 8, 2025