**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
MPHASIS CORPORATION,                          :

                  Plaintiff,          :

                          :          25-CV-3175 (JMF)

        -against-          :

                          :          **ORDER**

ALBERT ROJAS,                                            :

                  Defendant.          :

                          :

------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

On May 13, 2025, the Court held a confidential settlement call in which the parties agreed to come to the Courthouse tomorrow—May 29, 2025—so that *pro se* Defendant Albert Rojas's laptop could be forensically imaged, in accordance with paragraph 6 of Judge Furman's temporary restraining order ("TRO").[1] (*See* ECF 65). ECF 118, the Order I issued setting out the agreed-upon parameters of the forensic imaging, left only minimal, simple tasks for the parties to complete before arriving at the Courthouse tomorrow. (ECF 118). For example, Mr. Rojas timely filed his proposed electronic device order, which would enable him to enter the Courthouse with his electronic devices (e.g., his personal Mac computer). (*See* ECF 126).

Today, Mr. Rojas sent an email to Chambers claiming that he filed an "Emergency Request for Clarification Regarding Forensic Protocol and Constitutional Protection," in which he raises several "urgent concerns" and seeks "clarification" of mine and Judge Furman's orders. Most troubling, Mr. Rojas contends that if he does not receive the requested

---

[1] "Rojas shall cooperate in full with Mphasis' counsel to arrange for a neutral forensic examiner selected by Mphasis to conduct an immediate forensic examination of Rojas's personal Mac computer, including all email accounts, cloud accounts, and other relevant software/hardware utilized by Rojas since March 13, 2025." (ECF 65 ¶ 6).

"clarifications" and limitations on the forensic imaging, he will not bring his laptop and credentials to the Courthouse tomorrow, in violation of my Order at ECF 118. Mr. Rojas's emails and Plaintiff's response are attached below as Exhibit A. Mr. Rojas's "Emergency Request" is attached as Exhibit B.

If Defendant's "motion" seeks reconsideration of my Order (ECF 118) setting out the parameters of tomorrow's forensic imaging process, it is **DENIED** as untimely and without merit. Defendant has raised no new facts or law that should have required an Order with different parameters or limitations for tomorrow's forensic imaging process.

Nonetheless, to avoid any confusion or misunderstanding by Defendant, I will address each of his requests in turn.

### 1. Lack of Specificity in Order Regarding Scope[2]

ECF 134 is directed to Plaintiff, not Defendant, and it is to enable Plaintiff's forensic expert to bring into the Courthouse the electronic devices they will need to image Plaintiff's laptop. The request for "search parameters" and "keyword guardrails" is also unnecessary because the only process taking place tomorrow is <u>forensic imaging</u>, not a search. Mr. Rojas's laptop will be returned to him upon completion of the imaging process.

### 2. Request for Judicial Clarification and Protective Parameters

Mr. Rojas is required by this Court's Order to bring his personal laptop and his mobile phone for any two-factor authentication to the Courthouse. (*See* ECF 118).

---

[2] Section headings are taken from Defendant's submission for ease of reference and do not imply any adoption of Defendant's arguments.

Mr. Rojas's request that the Court issue an "explicit limitation" on the "forensic scope" of email retrieval misunderstands the process tomorrow, which is imaging, not a search or retrieval. In any event, such request to limit any search to emails originating from the domain @mphasis.com is **DENIED**. Judge Furman's TRO at ECF 65 is clear and applies to Mr. Rojas's entire computer, including "all email accounts, cloud accounts, and other relevant software/hardware utilized by Rojas since March 13, 2025. (ECF 65).

### 3. Fifth Amendment and Constitutional Protections

Mr. Rojas indicates that he seeks Fifth Amendment "guardrails" and specific limitations on the scope of the "retriev[al]" of emails. Again, the process tomorrow is an imaging of the computer, not a search or retrieval of any documents on the laptop. Judge Furman's TRO is similarly not limited in the scope of the forensic examination, but if Mr. Rojas seeks reconsideration of the scope of the forensic examination as ordered by Judge Furman, he may make that request to Judge Furman.

### 4. Disk Drive – Fifth Amendment Guardrails Also Required

This section also seeks limitations on the scope of the forensic examination of Mr. Rojas's computer, and does not provide any basis for limiting the scope as directed by Judge Furman.

### 5. Presence During Forensic Review

Mr. Rojas requests to be present for the entire duration of any forensic imaging to ensure compliance with his proposed scope limitations and his constitutional rights. This request is **DENIED.** As stated in the Court's May 15, 2025, Order, (*see* ECF 118), "only the

neutral forensic examiner(s) and Court personnel will be permitted in the jury room" during the forensic imaging process.

### 6. Whistleblower Retaliation and Public Interest Justification

This section does not contain any request for relief, and largely mirrors (if true) the additional statements Defendant included in his Electronic Device Order at ECF 126.

**WARNING**

The TRO directs Mr. Rojas to "cooperate in full" with the forensic imaging, and ECF 118 sets clear parameters under which the imaging will take place, under the supervision of <u>the Court</u>, not Mr. Rojas.

**Defendant is warned that failure to cooperate with the forensic imaging process that the Court has directed will be a direct violation of my Order at ECF 118 and Judge Furman's TRO at ECF 65 and will subject Defendant to sanctions under Fed. R. Civ. P. 16 and 37, 28 U.S.C. § 1927, and the Court's inherent authority. Those sanctions may include monetary sanctions and may also include other sanctions, including a finding of default and/or contempt.**

**SO ORDERED.**

_____
_s/  Ona T. Wang_

Dated: May 28, 2025                    **Ona T. Wang**
New York, New York                United States Magistrate Judge

# EXHIBIT A

| | |
|---|---|
| **From:** | A R |
| **To:** | Karseboom, Kimberly R. |
| **Cc:** | Wang NYSD Chambers |
| **Subject:** | Re: Activity in Case 1:25-cv-03175-JMF-OTW MPHASIS Corporation v. Rojas Order on Motion for Discovery |
| **Date:** | Wednesday, May 28, 2025 3:05:47 PM |
| **Attachments:** | Emergency_Request_Forensic_Flattened.pdf |

<mark>CAUTION - EXTERNAL:</mark>

Dear Ms. Karseboom,

I acknowledge receipt of your email dated May 28, 2025, regarding your client's intention to pursue costs should I elect not to bring my personal MacBook to the May 29 forensic session.

Please be advised that I have submitted a formal **Emergency Clarification Request** to the Court (attached again for reference) requesting constitutionally necessary scope limitations prior to production. That filing was served to both Chambers and opposing counsel and remains pending as of this writing.

Respectfully, I reiterate:

- I am **not refusing to comply** with the Court's Order; I am requesting lawful clarification and protective parameters consistent with my **Fifth Amendment rights**, which remain firmly in effect unless and until the Court issues scope guardrails.

- Without express limitations restricting forensic access to content originating from **@mphasis.com**, I will be compelled to **invoke my Fifth Amendment privilege** against self-incrimination and decline to produce personal devices, as is my constitutional right.

- Any claim for sanctions, costs, or fees would be unwarranted, retaliatory, and unsupported under governing law, especially where the asserted non-compliance arises from a good-faith effort to obtain judicial guidance on a pending constitutional issue.

I further note that this burden is one of Plaintiff's own making, as it failed to provide me with any company-issued device despite having done so for other employees, thereby creating the very circumstances now in dispute.

Should the Court issue the requested forensic limitations before the session, I remain fully prepared to bring my laptop and to remain present with the forensic examiner throughout the process, as requested in my Emergency Clarification filing.

All rights are expressly reserved.

Respectfully,
Albert Rojas
Pro Se Defendant
rojas.albert@gmail.com | (646) 866-1669
Attachment: Emergency_Request_Forensic_Flattened.pdf

On Wed, May 28, 2025 at 3:00 PM Karseboom, Kimberly R.

<[kimberly.karseboom@ogletree.com](mailto:kimberly.karseboom@ogletree.com)> wrote:

Mr. Rojas,


My client has paid for a third-party examiner to fly to New York for the collection to comply with the date as scheduled by the Court. If you are not going to comply and bring your personal Mac tomorrow under the current Order as written without further communication from the Court, we will be pursuing costs and fees associated with your failure to comply. Consider this reasonable notice of such.


**Kimberly R. Karseboom | Ogletree Deakins**
599 Lexington Avenue, 17th Floor | New York, NY 10022 | Telephone: 212-492-2078
[kimberly.karseboom@ogletree.com](mailto:kimberly.karseboom@ogletree.com) | [www.ogletree.com](http://www.ogletree.com) | [Bio](#)

---

**From:** A R <[rojas.albert@gmail.com](mailto:rojas.albert@gmail.com)>
**Sent:** Wednesday, May 28, 2025 2:52 PM
**To:** Wang NYSD Chambers <[Wang_NYSDChambers@nysd.uscourts.gov](mailto:Wang_NYSDChambers@nysd.uscourts.gov)>
**Cc:** Karseboom, Kimberly R. <[Kimberly.karseboom@ogletreedeakins.com](mailto:Kimberly.karseboom@ogletreedeakins.com)>; NYSD Electronic device requests <[Electronic_device_requests@nysd.uscourts.gov](mailto:Electronic_device_requests@nysd.uscourts.gov)>; William Jarrett <[William_Jarrett@nysd.uscourts.gov](mailto:William_Jarrett@nysd.uscourts.gov)>
**Subject:** Re: Activity in Case 1:25-cv-03175-JMF-OTW MPHASIS Corporation v. Rojas Order on Motion for Discovery


> [Caution: Email received from external source]

---

Dear Judge Wang,

I write to respectfully follow up on today's entry of ECF 135, which authorizes me to bring my personal MacBook and iPhone into the courthouse for the May 29 forensic session.

However, I must reiterate my Emergency Clarification Request submitted earlier today—attached again here for reference—which noted that without explicit forensic scope limitations (i.e., search protocols confined strictly to emails or documents originating from @[mphasis.com](http://mphasis.com)), I will be compelled to invoke my Fifth Amendment rights and decline to bring my personal laptop.

While ECF 135 confirms the devices authorized for courthouse entry, it does not include the requested forensic guardrails necessary to protect against unlawful overreach into privileged or constitutionally protected materials.

Accordingly, I respectfully renew my request that the Court:

1. Clarify or amend the forensic protocol to limit access solely to content originating from **@mphasis.com**;
2. Confirm that in the absence of such guardrails, no adverse inference will be drawn should I lawfully elect not to bring my laptop pursuant to my Fifth Amendment rights; and
3. Authorize me to remain physically present with the forensic examiner for the **entire duration** of any review involving my personal laptop, Gmail account, or disk drive to ensure compliance with scope limitations and the protection of privileged or constitutionally protected information.

This position is made in good faith and not in defiance, and is grounded in constitutional and statutory whistleblower protections, including:

- 18 U.S.C. § 1833(b) (DTSA whistleblower immunity);
- Sarbanes-Oxley Act;
- Dodd-Frank Act; and
- NY Labor Law § 740.

I apologize for the urgency, but given the scheduled forensic session tomorrow, I respectfully request clarification from the Court **no later than end of day today**, May 28, 2025, to avoid confusion or constitutional conflict at the courthouse.

Thank you again for your time and consideration.

Respectfully,
Albert Rojas
Pro Se Defendant
rojas.albert@gmail.com | (646) 866-1669
Attachment: Emergency_Request_Forensic_Flattened.pdf

On Wed, May 28, 2025 at 1:42 PM A R <rojas.albert@gmail.com> wrote:

> Dear Judge Wang,
>
> I write briefly to confirm that I submitted my **Emergency Clarification Request** earlier this afternoon (around 1:09 PM) in response to ECF Nos. 133 and 134 and the proposed device collection order.
>
> For the Court's convenience, I have re-attached the flattened version to ensure clarity of the record ahead of the May 29 forensic session.
>
> This filing has already been provided to the Pro Se Clerk for docketing.
>
> Thank you for your time and attention to this matter.
>
> Respectfully,

Albert Rojas
Pro Se Defendant
rojas.albert@gmail.com
(646) 866-1669
**Attachment:** Emergency_Request_Forensic_Flattened.pdf

On Wed, May 28, 2025 at 1:26 PM Wang NYSD Chambers
<Wang_NYSDChambers@nysd.uscourts.gov> wrote:

---

**From:** Karseboom, Kimberly R. <kimberly.karseboom@ogletree.com>
**Sent:** Wednesday, May 28, 2025 11:25 AM
**To:** Wang NYSD Chambers <Wang_NYSDChambers@nysd.uscourts.gov>
**Cc:** A R <rojas.albert@gmail.com>
**Subject:** FW: Activity in Case 1:25-cv-03175-JMF-OTW MPHASIS Corporation v. Rojas Order
on Motion for Discovery

<mark>CAUTION - EXTERNAL:</mark>

Good morning,

Attached please find the proposed court order for the electronic devices for Allan Buxton, the
forensic examiner with Epiq Global. Please feel free to contact me with questions. I will not
be present at the collection unless the Court prefers otherwise.

Thank you,

**Kimberly R. Karseboom | Ogletree Deakins**
599 Lexington Avenue, 17th Floor | New York, NY 10022 | Telephone: 212-492-2078
kimberly.karseboom@ogletree.com | www.ogletree.com | Bio

---

**From:** NYSD_ECF_Pool@nysd.uscourts.gov <NYSD_ECF_Pool@nysd.uscourts.gov>

**Sent:** Wednesday, May 28, 2025 11:08 AM
**To:** CourtMail@nysd.uscourts.gov
**Subject:** Activity in Case 1:25-cv-03175-JMF-OTW MPHASIS Corporation v. Rojas Order on Motion for Discovery

*[Caution: Email received from external source]*

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

### U.S. District Court

### Southern District of New York

### Notice of Electronic Filing

The following transaction was entered on 5/28/2025 at 11:07 AM EDT and filed on 5/28/2025

**Case Name:**     MPHASIS Corporation v. Rojas
**Case Number:**   1:25-cv-03175-JMF-OTW
**Filer:**
**Document Number:** 134

**Docket Text:**
**ORDER granting in part [133] Letter Motion for Discovery. The Court is in receipt of ECF 133. Plaintiff's motion at ECF 133 is GRANTED in part. Plaintiff is directed to complete and submit to Chambers via email an electronic device order, a copy of which is attached hereto as Exhibit A. SO ORDERED. (Signed by Magistrate Judge Ona T. Wang on 5/28/2025) (rro)**

**1:25-cv-03175-JMF-OTW Notice has been electronically mailed to:**

Kimberly Rose Karseboom    kimberly.karseboom@ogletreedeakins.com, NYCDocketing@ogletree.com, nancy.archer@ogletree.com

**1:25-cv-03175-JMF-OTW Notice has been delivered by other means to:**

Albert Rojas

The following document(s) are associated with this transaction:

**Document description:**Main Document

**Original filename:**n/a

**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=5/28/2025] [FileNumber=33083003-0] [5efa9f2c14dac432f15d2f92661a8be4cef944418dde97d5e3ec34fdff6662c584 311237adf2e3ca4f2cca190fe3bb6353f9fc93b857bac01abbb9baf1dc462b]]

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# EXHIBIT B

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK


MPHASIS CORPORATION,
Plaintiff,


v.


ALBERT ROJAS,
Defendant.


Case No.: 1:25-cv-03175-JMF-OTW


## EMERGENCY REQUEST FOR CLARIFICATION REGARDING FORENSIC PROTOCOL AND CONSTITUTIONAL PROTECTIONS

Hon. Ona T. Wang
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007


Via ECF / Email to: wang_nysdchambers@nysd.uscourts.gov


### Re: Request for Emergency Clarification and Protective Relief Prior to May 29, 2025 Forensic Imaging Session


Dear Judge Wang,

I write to respectfully request emergency clarification and protective guidance with respect to the forensic imaging session scheduled for Thursday, May 29, 2025, as directed by the Court's May 28, 2025 Order (ECF 134) and related filings (ECF 133).

I do not object to reasonable and proportionate forensic procedures consistent with the Court's oversight. However, I raise the following urgent concerns:

1. **Lack of Specificity in Order Regarding Scope:**

    - ECF 134 does not expressly reference my personal laptop or any other specific device.

- ○ The Court's order also lacks defined scope parameters (e.g., search protocols or keyword guardrails) limiting the forensic examiner's access to data relevant to Plaintiff's claims.

2. **Request for Judicial Clarification and Protective Parameters:**

   - ○ I respectfully request that the Court clarify whether I am legally required to bring any specific personal device, including my laptop, to the courthouse on May 29.

   - ○ I also respectfully request that the Court issue an explicit limitation on the forensic scope: that any access—whether to Gmail or any physical device—be confined to retrieving emails originating from the domain *@mphasis.com*.

3. **Fifth Amendment and Constitutional Protections:**

   - ○ To preserve constitutional integrity and avoid self-incrimination under the Fifth Amendment, I respectfully notify the Court that if the forensic protocol is not explicitly limited to retrieving only emails originating from *@mphasis.com*, I will invoke my right against self-incrimination.

   - ○ Accordingly, I will not bring my personal computer or provide access credentials in the absence of such guardrails. This is not an act of defiance, but a necessary protective measure in light of the sensitive, privileged, and constitutionally protected data contained on the device, and the Court's order lacking specific scope limitations.

4. **Disk Drive – Fifth Amendment Guardrails Also Required:**

   - ○ I respectfully request that the Court extend identical constitutional and scope limitations to any external disk drive in my possession. As with my Gmail account and laptop, this drive contains personal, privileged, and constitutionally protected data unrelated to the claims in this case.

   - ○ To preserve my Fifth Amendment rights against self-incrimination, I respectfully notify the Court that if the forensic examiner is not expressly limited to retrieving only emails or documents originating from *@mphasis.com*, I will invoke my constitutional protections and will not surrender the external disk drive.

   - ○ This is a lawful and proportionate position grounded in the absence of scope boundaries in the Court's order, and the high risk of unlawful overreach into protected materials.

5. **Presence During Forensic Review:**

o  I respectfully request to be present for the entire duration of any forensic imaging or examination involving my Gmail account, personal computer, or disk drive. This is necessary to ensure compliance with scope limitations, protect privileged data, and uphold my constitutional rights.

6. **Whistleblower Retaliation and Public Interest Justification:**

o  Mphasis Corporation is attempting to suppress whistleblower content protected under federal law by seeking forensic access to my personal devices—devices I was forced to use due to Mphasis's own refusal to issue secure hardware.

o  This site, Mphasis.cloud, contains evidence and legal filings supporting my claims of retaliatory termination following internal disclosures involving QBE, data security failures, and governance breaches.

o  The only "secret" here is why Mphasis shielded QBE from scrutiny, ignored security warnings, and now seeks to silence protected public interest content rather than address its failures.

7. **Request for Expedited or Emergency Relief:**

o  Because the imaging session is scheduled for May 29, I respectfully request that this clarification and relief be granted on an emergency or expedited basis.

o  I respectfully request the Court issue this relief **no later than end-of-day Wednesday, May 28, 2025**, to prevent ambiguity or constitutional conflict during the scheduled forensic session.

o  To avoid misunderstanding or escalation, I respectfully confirm the following:

▪  I will not bring my personal laptop unless the forensic examiner is explicitly and narrowly limited to retrieving emails or documents only from *@mphasis.com*.

▪  I will be present for the entire duration of any forensic access involving my Gmail account, laptop, or disk drive to ensure compliance with scope limitations and constitutional protections.

▪  If these scope guardrails are not in place, I will lawfully invoke my Fifth Amendment right against self-incrimination and decline to produce my personal devices or credentials.

o  I remain committed to complying with the Court's orders in good faith, even though ECF 133 and 134 do not mention any requirement to bring a personal laptop.

I respectfully assert my statutory and constitutional rights, including those protected under:

- 18 U.S.C. § 1833(b) (DTSA whistleblower immunity);

- Sarbanes-Oxley Act (SOX);

- Dodd-Frank Act;

- New York Labor Law § 740;

- U.S. Const. amend. I and V.

Thank you for the Court's attention to this urgent matter.

Respectfully submitted,
Albert Rojas
Pro Se Defendant
319 W 18th Street, Apt 3F
New York, NY 10011
rojas.albert@gmail.com
(646) 866-1669

Dated: May 29, 2025