**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
MPHASIS CORPORATION,                               :
                                                   :
                Plaintiff,        :        25-CV-3175 (JMF)
                                                   :
                -against-         :        **ORDER**
                                                   :
ALBERT ROJAS,                                      :
                                                   :
                Defendant.        :
                                                   :
                                                   :
-------------------------------------------------------------x

      **ONA T. WANG**, **United States Magistrate Judge**:

      The Court assumes familiarity with the factual and procedural history of this case.

      This case was initially referred to me for settlement purposes, (ECF 66), which referral was later amended to include compliance with the Temporary Restraining Order entered by Judge Furman on May 6, 2025 ("the TRO"). (ECF Nos. 120, 121). (*See* ECF 65). On May 15, 2025, the Court scheduled for May 29 an in-person process at the Courthouse for forensic imaging of *pro se* Defendant's laptop, as the TRO had directed. (ECF 118).

      Beginning in the afternoon of May 28, Defendant sent four emails to my Chambers attaching documents for filing that appeared to relate to the May 29 imaging process. (*See* ECF Nos. 136, 140 at 9). Because Defendant claimed that he would not bring the devices for imaging, I addressed the filings in an Order the same day, instead of waiting for the documents to be entered on the Docket. (ECF 136). Minutes after the Court emailed the May 28 Order to the parties, Defendant sent another email that opened with "Thank you for your May 28, 2025 Order [] addressing my Emergency Clarification Request," and: attached a copy of yet another purported emergency request; objected to my May 28 Order under Fed. R. Civ. P. 72(a); and

raised substantially the same objections to the imaging process.  The Court responded to all counsel by email, stating: that the Court does not communicate with parties or negotiate its Orders by email; that all requests for relief must be filed on the docket; and that the Court would disregard all future email correspondence unless the Court specifically directed the parties to contact Chambers by email.  The Court's response is attached hereto as **Exhibit A**.

On May 29, Defendant appeared, but did not bring his laptop as directed.  (ECF 140). Accordingly, on Friday, May 30, 2025 the Court issued an order to show cause, directing Defendant to show cause by Friday, June 6, 2025, why he should not be sanctioned for failure to comply with the imaging process.  (ECF 140).

Since May 29, Defendant has filed more than 50 entries on the docket, and emailed my Chambers **five more times** regarding these filings:

- On Friday, May 30, at 1:46 p.m., Defendant emailed Judge Furman's Chambers, copying my Chambers, Plaintiff's counsel, and two employees of non-party QBE, forwarding correspondence with the *Pro Se* Office regarding docketing approximately **ten** .pdf files;

- At 2:01 p.m., Plaintiff's counsel responded to Defendant's email, keeping the Court and the non-parties copied[1];

- At 2:07 p.m., Defendant responded to Plaintiff's email, keeping the Court and the non-parties copied;

- On Saturday, May 31, at 9:44 p.m., Defendant sent an email to the *Pro Se* Office, regarding filing another 30 documents, on which he again copied my Chambers;

---

[1] The Court's email directed the parties to cease emailing Chambers, and so Plaintiff's counsel has also failed to follow the Court's instruction.  *See* Exhibit A.

- At 10:09 p.m. on the same day, Defendant sent another email to the *Pro Se* Office, regarding re-filing another 12 documents, on which he again copied my Chambers; and

- On Tuesday, June 3, at 5:09 p.m., Defendant sent another email directed to my Chambers, copying the *Pro Se* Office, purporting to circulate a "courtesy copy" of yet another filing.

**Chambers does not require or request courtesy copies of any kind**. (*See* Individual Practices in Civil Cases).  The parties were also already previously directed NOT to email Chambers.² The parties are hereby **ORDERED to send no more emails to Chambers unless explicitly instructed to do so**.  (*See* Individual Practices in Civil Cases at § II).  The Court encourages judicious use of "Reply" (instead of "Reply All") if parties intend to correspond with each other.  If any party sends unsolicited email to Chambers in violation of <u>this</u> Order, then, pursuant to Fed. R. Civ. P. 16(f) and the Court's inherent authority, the Court **will issue sanctions in the amount of $5 per email, to be paid to the Clerk of Court.**

    **SO ORDERED.**

Dated: June 4, 2025　　　　　　　　　　　　　　　　　　　　　　　　*s/ Ona T. Wang*
New York, New York　　　　　　　　　　　　　　　　　　　　　　　　**Ona T. Wang**
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

² Defendant has since filed an objection, pursuant to Fed. R. Civ. P. 72(a), directed to Judge Furman regarding, *inter alia*, my instruction not to email Chambers.  (ECF Nos. 145, 183).

3

# EXHIBIT A

# Wang NYSD Chambers

**From:** Wang NYSD Chambers
**Sent:** Wednesday, May 28, 2025 6:09 PM
**To:** A R
**Cc:** Karseboom, Kimberly R.
**Subject:** RE: Activity in Case 1:25-cv-03175-JMF-OTW MPHASIS Corporation v. Rojas Order on Motion for Discovery

Mr. Rojas,

The Court does not communicate with parties or negotiate its Orders by email. All requests for relief must be filed on the docket. The Court will disregard all future email correspondence unless the Court has specifically directed the parties to contact Chambers by email.

- Chambers Staff

**From:** A R <rojas.albert@gmail.com>
**Sent:** Wednesday, May 28, 2025 5:56 PM
**To:** Wang NYSD Chambers <Wang_NYSDChambers@nysd.uscourts.gov>
**Cc:** Karseboom, Kimberly R. <kimberly.karseboom@ogletree.com>
**Subject:** Re: Activity in Case 1:25-cv-03175-JMF-OTW MPHASIS Corporation v. Rojas Order on Motion for Discovery

**CAUTION - EXTERNAL:**

Dear Judge Wang,

Thank you for your May 28, 2025 Order (ECF No. ___) addressing my Emergency Clarification Request. I respectfully submit this response to preserve the record and respectfully request reconsideration, or in the alternative, referral to Judge Furman pursuant to Fed. R. Civ. P. 72(a) and applicable local rules.

While I understand the Court's position that the May 29 forensic session is limited to imaging and not search or retrieval, I must respectfully state that without forensic scope guardrails or privilege protection protocols in place, the compelled imaging of my personal MacBook— containing years of unrelated, privileged, and constitutionally protected materials—triggers serious constitutional concerns and statutory whistleblower protections under:

1

- **18 U.S.C. § 1833(b)** (DTSA whistleblower immunity),
- **Sarbanes-Oxley Act (SOX)**,
- **Dodd-Frank Act**, and
- **New York Labor Law § 740**.

Judge Furman's TRO (ECF 65) was issued without benefit of an evidentiary hearing and predates my filed whistleblower disclosures, my motion practice regarding unclean hands, and my published documentation of QBE's mishandling of infrastructure and protected health data. As I outlined in Section 6 of my Emergency Clarification Request and in ECF 135's Addendum, Mphasis is shielding QBE from scrutiny for commercial reasons, despite the undisputed fact that QBE lost a laptop containing protected credentials for five months—an event documented on the record and materially tied to the 2024 healthcare data breach.

Further, Mphasis engaged a private investigator who came to my apartment last month attempting to recover the QBE-issued laptop without formal return or audit trail. This off-the-record attempt to conceal endpoint control failure only underscores why QBE must be joined to this case. Mphasis's imaging request now functions as a retaliatory enforcement mechanism against the only individual who documented these failures.

Forcing imaging of my personal device under these conditions—without any privilege review, taint team protocol, or whistleblower carve-outs—risks irreparable harm and violates the spirit and protections of the Fifth Amendment. The Court's denial of my presence during the imaging session further amplifies these concerns, as it deprives me of any ability to ensure privilege segregation or enforcement of even the most basic constitutional boundaries.

Accordingly, I respectfully:

1. **Object to the May 28, 2025 Order** under Fed. R. Civ. P. 72(a) and respectfully request Judge Furman's review of the scope and constitutional adequacy of the forensic protocol;
2. **Request reconsideration** of the denial of my presence during imaging to preserve privilege and constitutional protections;
3. **Reassert my right to invoke the Fifth Amendment** in the absence of scope limitations or protective protocols;
4. **Request the Court suspend enforcement of ECF 118** pending resolution of these constitutional, statutory, and procedural objections;
5. **Reaffirm my willingness to cooperate in good faith** with any forensic protocol that respects whistleblower immunity, privilege review, and constitutional protections.

Finally, I respectfully caution that coercing imaging of a personal endpoint under these conditions—while QBE remains shielded and unjoined—is inequitable, retaliatory, and undermines judicial integrity. I remain prepared to appear at the courthouse with counsel or under Court supervision if any modified order is issued.

Respectfully submitted,

Albert Rojas

Pro Se Defendant

rojas.albert@gmail.com | (646) 866-1669

Attachment: Emergency_Request_Forensic_Flattened.pdf

On Wed, May 28, 2025 at 5:44 PM Wang NYSD Chambers <Wang_NYSDChambers@nysd.uscourts.gov> wrote:

Parties:

Please see the attached Order, which will be entered on the docket tonight.

Thank you,

Chambers Staff

---

**From:** A R <rojas.albert@gmail.com>
**Sent:** Wednesday, May 28, 2025 3:05 PM
**To:** Karseboom, Kimberly R. <kimberly.karseboom@ogletree.com>
**Cc:** Wang NYSD Chambers <Wang_NYSDChambers@nysd.uscourts.gov>
**Subject:** Re: Activity in Case 1:25-cv-03175-JMF-OTW MPHASIS Corporation v. Rojas Order on Motion for Discovery

**CAUTION - EXTERNAL:**

Dear Ms. Karseboom,

3

I acknowledge receipt of your email dated May 28, 2025, regarding your client's intention to pursue costs should I elect not to bring my personal MacBook to the May 29 forensic session.

Please be advised that I have submitted a formal **Emergency Clarification Request** to the Court (attached again for reference) requesting constitutionally necessary scope limitations prior to production. That filing was served to both Chambers and opposing counsel and remains pending as of this writing.

Respectfully, I reiterate:

- I am **not refusing to comply** with the Court's Order; I am requesting lawful clarification and protective parameters consistent with my **Fifth Amendment rights**, which remain firmly in effect unless and until the Court issues scope guardrails.
- Without express limitations restricting forensic access to content originating from **@mphasis.com**, I will be compelled to **invoke my Fifth Amendment privilege** against self-incrimination and decline to produce personal devices, as is my constitutional right.
- Any claim for sanctions, costs, or fees would be unwarranted, retaliatory, and unsupported under governing law, especially where the asserted non-compliance arises from a good-faith effort to obtain judicial guidance on a pending constitutional issue.

I further note that this burden is one of Plaintiff's own making, as it failed to provide me with any company-issued device despite having done so for other employees, thereby creating the very circumstances now in dispute.

Should the Court issue the requested forensic limitations before the session, I remain fully prepared to bring my laptop and to remain present with the forensic examiner throughout the process, as requested in my Emergency Clarification filing.

All rights are expressly reserved.

Respectfully,
Albert Rojas
Pro Se Defendant
rojas.albert@gmail.com | (646) 866-1669
Attachment: Emergency_Request_Forensic_Flattened.pdf

On Wed, May 28, 2025 at 3:00 PM Karseboom, Kimberly R. <kimberly.karseboom@ogletree.com> wrote:

Mr. Rojas,

4

My client has paid for a third-party examiner to fly to New York for the collection to comply with the date as scheduled by the Court. If you are not going to comply and bring your personal Mac tomorrow under the current Order as written without further communication from the Court, we will be pursuing costs and fees associated with your failure to comply. Consider this reasonable notice of such.

**Kimberly R. Karseboom | Ogletree Deakins**
599 Lexington Avenue, 17th Floor | New York, NY 10022 | Telephone: 212-492-2078
kimberly.karseboom@ogletree.com | www.ogletree.com | Bio

**From:** A R <rojas.albert@gmail.com>
**Sent:** Wednesday, May 28, 2025 2:52 PM
**To:** Wang NYSD Chambers <Wang_NYSDChambers@nysd.uscourts.gov>
**Cc:** Karseboom, Kimberly R. <Kimberly.karseboom@ogletreedeakins.com>; NYSD Electronic device requests <Electronic_device_requests@nysd.uscourts.gov>; William Jarrett <William_Jarrett@nysd.uscourts.gov>
**Subject:** Re: Activity in Case 1:25-cv-03175-JMF-OTW MPHASIS Corporation v. Rojas Order on Motion for Discovery

*[Caution: Email received from external source]*

Dear Judge Wang,

I write to respectfully follow up on today's entry of ECF 135, which authorizes me to bring my personal MacBook and iPhone into the courthouse for the May 29 forensic session.

However, I must reiterate my Emergency Clarification Request submitted earlier today—attached again here for reference—which noted that without explicit forensic scope limitations (i.e., search protocols confined strictly to emails or documents originating from @mphasis.com), I will be compelled to invoke my Fifth Amendment rights and decline to bring my personal laptop.

5

While ECF 135 confirms the devices authorized for courthouse entry, it does not include the requested forensic guardrails necessary to protect against unlawful overreach into privileged or constitutionally protected materials.

Accordingly, I respectfully renew my request that the Court:

1. Clarify or amend the forensic protocol to limit access solely to content originating from **@mphasis.com**;
2. Confirm that in the absence of such guardrails, no adverse inference will be drawn should I lawfully elect not to bring my laptop pursuant to my Fifth Amendment rights; and
3. Authorize me to remain physically present with the forensic examiner for the **entire duration** of any review involving my personal laptop, Gmail account, or disk drive to ensure compliance with scope limitations and the protection of privileged or constitutionally protected information.

This position is made in good faith and not in defiance, and is grounded in constitutional and statutory whistleblower protections, including:

- 18 U.S.C. § 1833(b) (DTSA whistleblower immunity);
- Sarbanes-Oxley Act;
- Dodd-Frank Act; and
- NY Labor Law § 740.

I apologize for the urgency, but given the scheduled forensic session tomorrow, I respectfully request clarification from the Court **no later than end of day today**, May 28, 2025, to avoid confusion or constitutional conflict at the courthouse.

Thank you again for your time and consideration.

Respectfully,
Albert Rojas
Pro Se Defendant
rojas.albert@gmail.com | (646) 866-1669
Attachment: Emergency_Request_Forensic_Flattened.pdf

On Wed, May 28, 2025 at 1:42 PM A R <rojas.albert@gmail.com> wrote:

Dear Judge Wang,

6

I write briefly to confirm that I submitted my **Emergency Clarification Request** earlier this afternoon (around 1:09 PM) in response to ECF Nos. 133 and 134 and the proposed device collection order.

For the Court's convenience, I have re-attached the flattened version to ensure clarity of the record ahead of the May 29 forensic session.

This filing has already been provided to the Pro Se Clerk for docketing.

Thank you for your time and attention to this matter.

Respectfully,
Albert Rojas
Pro Se Defendant
rojas.albert@gmail.com
(646) 866-1669
**Attachment:** Emergency_Request_Forensic_Flattened.pdf

On Wed, May 28, 2025 at 1:26 PM Wang NYSD Chambers <Wang_NYSDChambers@nysd.uscourts.gov> wrote:

**From:** Karseboom, Kimberly R. <kimberly.karseboom@ogletree.com>
**Sent:** Wednesday, May 28, 2025 11:25 AM
**To:** Wang NYSD Chambers <Wang_NYSDChambers@nysd.uscourts.gov>
**Cc:** A R <rojas.albert@gmail.com>
**Subject:** FW: Activity in Case 1:25-cv-03175-JMF-OTW MPHASIS Corporation v. Rojas Order on Motion for Discovery

**CAUTION - EXTERNAL:**

Good morning,

7

Attached please find the proposed court order for the electronic devices for Allan Buxton, the forensic examiner with Epiq Global. Please feel free to contact me with questions. I will not be present at the collection unless the Court prefers otherwise.

Thank you,

**Kimberly R. Karseboom | Ogletree Deakins**
599 Lexington Avenue, 17th Floor | New York, NY 10022 | Telephone: 212-492-2078
kimberly.karseboom@ogletree.com | www.ogletree.com | Bio

**From:** NYSD_ECF_Pool@nysd.uscourts.gov <NYSD_ECF_Pool@nysd.uscourts.gov>
**Sent:** Wednesday, May 28, 2025 11:08 AM
**To:** CourtMail@nysd.uscourts.gov
**Subject:** Activity in Case 1:25-cv-03175-JMF-OTW MPHASIS Corporation v. Rojas Order on Motion for Discovery

*[Caution: Email received from external source]*

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

U.S. District Court

Southern District of New York

8

**Notice of Electronic Filing**

The following transaction was entered on 5/28/2025 at 11:07 AM EDT and filed on 5/28/2025

**Case Name:**         MPHASIS Corporation v. Rojas
**Case Number:**       [1:25-cv-03175-JMF-OTW](1:25-cv-03175-JMF-OTW)
**Filer:**
**Document Number:** 134

**Docket Text:**
ORDER granting in part [133] Letter Motion for Discovery. The Court is in receipt of ECF 133. Plaintiff's motion at ECF 133 is GRANTED in part. Plaintiff is directed to complete and submit to Chambers via email an electronic device order, a copy of which is attached hereto as Exhibit A. SO ORDERED. (Signed by Magistrate Judge Ona T. Wang on 5/28/2025) (rro)

**1:25-cv-03175-JMF-OTW Notice has been electronically mailed to:**

Kimberly Rose Karseboom    kimberly.karseboom@ogletreedeakins.com, NYCDocketing@ogletree.com, nancy.archer@ogletree.com

**1:25-cv-03175-JMF-OTW Notice has been delivered by other means to:**

Albert Rojas

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=5/28/2025] [FileNumber=33083003-0] [5efa9f2c14dac432f15d2f92661a8be4cef944418dde97d5e3ec34fdff6662c584311237adf2e3ca4f2cca190fe3bb6353f9fc93b857bac01abbb9baf1dc462b]]

9

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.