UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
MPHASIS CORPORATION, :
:
:
Plaintiff, :
: 25-CV-3175 (JMF)
-v- :
: MEMORANDUM OPINION
ALBERT ROJAS, : AND ORDER
:
Defendant. :
:
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On April 30, 2025, Plaintiff Mphasis Corporation ("Mphasis") moved for a temporary restraining order ("TRO") and preliminary injunction against its former employee, Defendant Albert Rojas, based on allegations of trade secret misappropriation. *See* ECF No. 11. Based on good cause shown — and based in part on the consent of Rojas, who appeared, without counsel, at a conference held on the record on May 6, 2025 — the Court granted Mphasis's request for a TRO and requested additional briefing on the preliminary injunction motion. *See* ECF Nos. 65, 68. Upon review of the preliminary injunction filings, Plaintiff's motion for a preliminary injunction is hereby GRANTED for substantially the reasons set forth in Plaintiff's memorandum of law. *See* ECF No. 12 ("Pl.'s Mem.").

      With respect to Plaintiff's motion for a preliminary injunction, four points bear elaboration here. First, Rojas's conduct in this litigation only underscores the irreparable harm that may befall Mphasis in the absence of a preliminary injunction. Among other things, the TRO prohibits Rojas from "disclos[ing], and/or utiliz[ing] for any purpose all confidential information, trade secrets, and other confidential or proprietary information owned, maintained, and/or utilized for the benefit of Mphasis, including but not limited to Mphasis emails and any

documents, digital or hardcopy, created or used for Mphasis' clients." ECF No. 65, at 1.  Since entry of the TRO, however, Rojas has on several occasions — and despite the Court's direct admonition, *see* ECF No. 84 — disseminated Mphasis work product on the docket and to non-parties such as Mphasis's client, QBE.  *See, e.g.*, ECF Nos. 99-1, 105-107.  Given Rojas's conduct in this litigation alone, the risks to Mphasis of damaged business relationships with its clients are far from theoretical.  *See* ECF No. 195 ("Pl.'s Reply"), at 2; *see also Johnson Controls, Inc. v. A.P.T. Critical Sys.*, 323 F. Supp. 2d 525, 532-33 (S.D.N.Y. 2004) ("Irreparable harm to an employer may . . . result where an employee has misappropriated trade secrets or confidential customer information, including pricing methods, customer lists and customer preferences.").

Second, Rojas's opposition to the preliminary injunction motion is entirely conclusory.  *See* ECF No. 86 ("Def.'s Opp'n").[1]  Rojas's principal response is that his disclosure of Mphasis materials is protected whistleblower activity under various state and federal statutes.  *See* Def.'s Opp'n 1-2.  But he cites no authority to support that proposition, nor does he explain how or why any of the listed statutes cover the conduct at issue in this case — namely, his possession and dissemination of confidential Mphasis information and documents.  The remainder of Rojas's objections to the preliminary injunction motion are similarly deficient.  Rojas asserts in conclusory fashion that Mphasis suffers no irreparable harm, that this lawsuit is a form of

---

[1] Although the Court warned Rojas "not to file duplicative submissions going forward — i.e., to file only one opposition to any request for relief by Plaintiff," ECF No. 68, at 2, Rojas's filed two (largely duplicative) memoranda in opposition to the preliminary injunction motion, *see* ECF Nos. 86, 87.  The Court treats ECF No. 86 as Rojas's opposition to the preliminary injunction motion given his representation to Plaintiff's counsel as such.  *See* Pl.'s Reply 1.  Rojas also filed two sur-replies in opposition to Mphasis's motion — without leave of Court. *See* ECF Nos. 198, 201.  The Court therefore disregards Rojas's sur-replies, which, in any event, raise no new arguments.

unlawful retaliation, and that a preliminary injunction would violate his constitutional rights. *See id.* Without further support, these assertions are plainly insufficient to rebut Plaintiff's showings.[2]

Third, and relatedly, Rojas requests an evidentiary hearing, but the request lacks any concrete basis. He claims that such a hearing is necessary to resolve various factual disputes surrounding Mphasis's trade secret allegations, but he fails to identify any particular and essential factual disputes warranting an evidentiary hearing. *See* Def.'s Opp'n 3. And, in any event, the Court is satisfied that the parties' disputes can be resolved at this stage based on the paper record alone. *See Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 512 (2d Cir. 2005) ("[A]n evidentiary hearing is not required when, *inter alia*, disputed facts are amenable to complete resolution on a paper record.").

Fourth, in opposing the motion, Rojas also requests redaction or sealing of portions of the TRO, *see* Def.'s Opp'n 2-3, but that request too is unfounded. "[B]ecause the [motion for a TRO and preliminary injunction] and supporting documents formed the basis for the adjudication of the Petition, the documents are generally entitled to a strong presumption of access and only the most compelling reasons can justify sealing them." *Nervora Fashion, Inc. v. Advance Magazine Publishers Inc.*, No. 24-CV-4805 (RA), 2025 WL 406669, at *2 (S.D.N.Y. Feb. 5, 2025) (internal quotation marks omitted). Rojas's conclusory statement that redaction is necessary to "prevent misuse of the order to inflict reputational harm or chill protected disclosures" is

---

[2] In connection with his opposition to the motion, Rojas also moves to strike two declarations filed by Mphasis in support of its request for preliminary relief. *See* ECF Nos. 143, 144. At bottom, however, Rojas's motions to strike amount to nothing more than disagreements with the contents of those declarations, which does not and cannot support striking a filing under Rule 12(f). *See, e.g., Fequiere v. Tribeca Lending*, No. 14-CV-0812 (RRM) (LB), 2015 WL 1412580, at *2 (E.D.N.Y. Mar. 20, 20, 2015) ("[S]imply disagreeing with a statement in [Defendant's] answer is not a proper basis for striking the answer." (internal quotation marks omitted)).

nowhere near compelling enough to overcome that strong presumption. Def.'s Opp'n 3. His request to redact portions of the TRO is accordingly denied as well.

Finally, the Court takes this opportunity to address — and deny — several of the myriad (and frivolous) motions Rojas has filed. To begin, the Court denies Rojas's duplicative and premature motions for summary judgment. *See* ECF Nos. 102, 152. For one thing, these motions merely restate the same conclusory allegations Rojas raised in opposition to the preliminary injunction motion. *See* ECF Nos. 103, 153. And, in general, "summary judgment should only be granted if *after discovery*, the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." *Hellstrom v. U.S. Dep't of Veteran Affs.*, 201 F.3d 94, 97 (2d Cir. 2000) (cleaned up). It is "[o]nly in the rarest of cases" that summary judgment may "be granted against a [party] who has not been afforded the opportunity to conduct discovery." *Id.* (citing cases). This is not one of the "rarest cases" in which the non-moving party, Plaintiff, should be denied "the opportunity to discover information that is essential to [their] opposition to the motion for summary judgment." *Id.* (cleaned up). Indeed, Rojas's request for summary judgment is doubly confused given his assertion in opposition to the preliminary injunction motion that "[m]aterial factual disputes exist." Def.'s Opp'n 3. And even if there are no disputes of material fact that would require denial of summary judgment, there are certainly issues that call for further factual development. Accordingly, Defendant's motions for summary judgment must be and are DENIED.

Rojas has also filed numerous motions related to QBE, one of Rojas's clients when he worked at Mphasis. Rojas moves, for example, to join QBE as a necessary party under Rule 19(a). *See* ECF No. 90. Rojas's joinder motion, however, contains nothing more than bare and unsupported assertions that "complete relief cannot be granted without QBE" and that QBE's

absence risks "inconsistent obligations." *Id.* at 4. The joinder motion is thus denied. Rojas also repeatedly renews his motion for leave to file a third-party complaint against QBE pursuant to Rule 14(a)(1). *See* ECF Nos. 94, 96. Rule 14(a)(1) requires a third-party plaintiff to, "by motion, obtain the court's leave if it files [a] third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1). The Court previously denied Rojas's initial third-party complaint motion without prejudice, *see* ECF No. 52, at the TRO conference held on May 6, 2025, explaining that the Court's leave was unnecessary because no answer had been served. To date, Rojas has not filed an answer to the Complaint. Leave of court therefore remains unnecessary for Rojas to file a third-party complaint, and his motion is once again denied without prejudice.

The Court will enter the preliminary injunction in a separate order today. As a courtesy, Rojas's deadline to answer the Complaint is hereby EXTENDED to **June 30, 2025**. In the event that Rojas misses the answer deadline again, the Court will invite Mphasis to move for default judgment. Finally, Rojas is once again cautioned not to file excessive and duplicative submissions, which may result in the imposition of additional sanctions.

The Clerk of Court is directed to terminate ECF Nos. 11, 87, 90, 94, 96, 102, 143, 144, and 152.

SO ORDERED.

Dated: June 9, 2025
New York, New York

JESSE M. FURMAN
United States District Judge