UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                :

MPHASIS CORPORATION,                :

                :

       Plaintiff,        :

                :        25-CV-3175 (JMF)

   -v-              :

                :     <u>MEMORANDUM OPINION</u>

ALBERT ROJAS,               :        <u>AND ORDER</u>

                :

       Defendant.      :

                :

------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Defendant Albert Rojas moves for reconsideration of the Court's Preliminary Injunction Order. *See* ECF No. 208 ("Def.'s Motion"). The motion is meritless. Motions for reconsideration are governed by Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3, which are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (internal quotation marks omitted). "A district court has broad discretion in determining whether to grant a motion [for reconsideration]." *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a Rule 59 motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up).

Measured against that strict standard, Rojas's motion falls far short. For one thing, the

motion merely restates Rojas's opposition to the preliminary injunction in conclusory fashion. *See* Def.'s Motion 1-2. Rojas observes that he has since answered the Complaint but does not explain why or how that filing makes a difference to the preliminary injunction analysis. *Id.* at 1. (It does not.) In a separate filing, *see* ECF No. 212, Rojas describes a recent preliminary-injunction decision issued by a court in this district that has no bearing on or relation to this action. Reconsideration is accordingly unwarranted. In the alternative, Rojas requests limited modification of the injunction, but provides no basis for modification. *Id.* at 2.

Accordingly, Rojas's motion for reconsideration must be and is DENIED. The Clerk of Court is directed to terminate ECF No. 208.

SO ORDERED.

Dated: June 12, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge