**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
MPHASIS CORPORATION,                      :
                Plaintiff,           :
                                              :
           -against-                          :       25-CV-3175 (JMF)(OTW)
                                       :
ALBERT ROJAS,                                     :       **OPINON AND ORDER**
                Defendant.        :
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court has reviewed ECF 145 which appears to be both a motion for reconsideration and a Fed. R. Civ. P. 72(a) objection to my previous Order at ECF 136.

Since a Fed. R. Civ. P. 72(a) objection is not within the scope of the referral and given the "solicitude afforded to *pro se* litigants" which "consists of liberal construction of pleadings, motion papers, and appellate briefs [and] embraces . . . leniency in the enforcement of other procedural rules" *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), I will construe ECF 145 as a motion for reconsideration.

"Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (citation omitted). It should be granted "when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Only errors that are "direct, obvious, and observable," *Corpac v. Rubin & Rothman, LLC*, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013) (citation omitted), or that leave the Court

"with the definite and firm conviction that a mistake has been committed," *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (citation omitted), warrant reconsideration. "A motion for reconsideration is not 'an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced.'" *Mikhaylova v. Bloomingdale's Inc.*, No. 19 Civ. 8927, 2023 WL 2237541, at *1 (S.D.N.Y. Feb. 27, 2023) (quoting *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)).

Such a motion is appropriate only if "the movant demonstrates that the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion, and which, had they been considered, might have reasonably altered the result before the [C]ourt." *Regent Ins. Co. v. Storm King Contracting, Inc.*, No. 06 Civ. 2879, 2008 WL 1985763, at *1 (S.D.N.Y. May 7, 2008) (citation omitted).

Defendant's motion for reconsideration raises no new facts or law. Accordingly reconsideration is **DENIED**.

The Clerk of Court is respectfully directed to close ECF 145.

**SO ORDERED.**

Dated: July 31, 2025
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge