UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

MPHASIS CORPORATION,

                 Plaintiff,

      -against-

ALBERT ROJAS,

                 Defendant.

---------------------------------------------------------------x

25-CV-3175 (JMF)(OTW)

**ORDER**

**ONA T. WANG, United States Magistrate Judge:**

The Court has reviewed ECF 406.

Defendant Rojas has asked the Court to reconsider its Opinion and Order imposing sanctions of $9,194.41. (ECF 404). The Court imposed these sanctions to compensate Plaintiff for its actual cost in arranging for a forensic imaging of Defendant's laptop, which Defendant frustrated by not providing the laptop to be imaged as directed. (*see* ECF Nos. 136, 140, 404).

Local Rule 6.3 ("Rule 6.3") governs reconsideration, which is "intended to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *SEC v. Ashbury Capital Partners, L.P.*, No. 00-CV-7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 [S.D.N.Y. 1988]). A motion for reconsideration must be "narrowly construe[d]" and the Court must "strictly apply" Rule 6.3 in order to "avoid duplicative rulings on previously considered issues" and to prevent Rule 6.3 from being used as "a substitute for appealing a final judgment." *Montanile v. Nat'l Broad. Co.*, 216 F.Supp.2d 341, 342 (S.D.N.Y. 2002); *see also Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of

finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*,

113 F.Supp.2d 613, 614 (S.D.N.Y. 2000). Accordingly, the Court of Appeals for the Second Circuit

has held that the standard for granting a motion to reconsider "is strict, and reconsideration

will generally be denied unless the moving party can point to controlling decisions or data that

the court overlooked -- matters, in other words, that might reasonably be expected to alter the

conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"The major grounds justifying reconsideration are 'an intervening change of controlling law, the

availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18

Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478

at 790 [2d ed.]). "[A] motion to reconsider should not be granted where the moving party seeks

solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257; *see also Analytical*

*Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (finding that reconsideration

"is not a vehicle for relitigating old issues, presenting the case under new theories, securing a

rehearing on the merits, or otherwise taking a second bite at the apple" [internal quotation

marks omitted]).

Defendant claims these sanctions are improper because: he is a "federally protected

whistleblower;" he raised timely objections to the Court's Imaging Order at ECF 140 ("Imaging

Order"); he has demonstrated "good faith compliance" with the Imaging Order; the sanctions

will have a "disproportionate and chilling effect" on "federal whistleblowers;" and that the

Imaging Order was invalid because his personal laptop to be imaged was not issued by Plaintiff.

(ECF 406). Defendant raises no new facts or law in his objection. Instead, he reiterates the same

arguments previously addressed at length and rejected <u>three separate times</u>, twice by this Court (ECF Nos. 136 and 404) and once by Judge Furman. (ECF 206). Likewise, Defendant points to no clear error in the Court's Order imposing sanctions (ECF 404), its Order to Show Cause (ECF 140), or the Imaging Order. (ECF 136). Rather, in his objection, Defendant seeks only to relitigate the question of whether his laptop should be imaged at all; thus, he entirely neglects to address the issue of his conduct. Accordingly, none of Defendant's arguments merit reconsideration.

Finally, Defendant claims he is financially unable to pay the sanctions imposed by the Court. While the Court sympathizes with Defendant's financial situation, the sanctions imposed by the Court are limited to compensating Plaintiff for the actual costs incurred when Defendant did not bring his laptop to be imaged as directed. While it is unfortunate Defendant did not consider the cost of his actions relative to his ability to bear them, Plaintiff should not, as a result, be expected to foot the bill for Defendant's conduct.

Accordingly, Defendant's motion for reconsideration is **DENIED**. The Clerk of Court is respectfully directed to close ECF 406.

**SO ORDERED.**

Dated: September 8, 2025
     New York, New York

/s/ Ona T. Wang
**Ona T. Wang**
United States Magistrate Judge