**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Mphasis Corporation,    Plaintiff,

v.

Albert Rojas,    Defendant.

Case No. 1:25-cv-03175 (JMF)(OTW)

**DEFENDANT'S LIMITED MOTION FOR LEAVE TO SUPPLEMENT OR CLARIFY PRIOR RULE 72(b) OBJECTION**

**PRELIMINARY STATEMENT**

Pursuant to Fed. R. Civ. P. 6(b) and the Court's inherent authority, Defendant Albert Rojas respectfully moves for leave to submit a limited supplement to his previously filed Rule 72(b) Objection (ECF 448). This request is made in strict compliance with ECF 455 and Magistrate Judge Wang's filing injunctions (ECF 442 and 447). Defendant does not seek to re-argue the merits of his objection or add new substantive claims. The sole purpose of this motion is to ensure that the existing record accurately reflects two controlling evidentiary filings—ECF 411 and ECF 414—already before the Court and specifically referenced in the pending Rule 11 Motion (served September 10, 2025).

Defendant notes that all parties were previously served, on September 10, 2025, with a Rule 11(c)(2) safe-harbor notice referencing ECF 411 and 414, as reflected in Defendant's correspondence of that date (maintained under Rule 11(c)(2) service).

**GOOD CAUSE FOR LIMITED SUPPLEMENTATION**

1. ECF 455 acknowledges that the matter is "fully submitted," but does not preclude a party from seeking leave for a clarification or record-correction that does not address the merits.

2. Defendant's prior Rule 72(b) Objection (ECF 448) incorporated ECF 411 and 414 by reference; however, those entries were stricken from the docket under the temporary filing injunction and may not be visibly linked in the judge's electronic view. Clarifying that these materials form part of the federal record is necessary to preserve judicial accuracy and avoid any misapprehension of the evidence.

3. No party would be prejudiced by this narrow supplement; it creates no new issues and requires no response.

**PROPOSED LIMITED FILING**

If leave is granted, Defendant will submit only a three-page "Supplement to Rule 72(b) Objection (Clarification of Evidentiary Record)" containing:

- A single paragraph summarizing the chain of custody of QBE.pptx (ECF 411) and the corresponding Lucid Motors PowerPoint (ECF 414);

- A statement that those exhibits establish that no Mphasis "trade secret" was ever misappropriated;

- A certification that no new argument or relief is being asserted.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court grant leave to file the above-described limited supplement solely to preserve the accuracy of the evidentiary record and avoid any potential misunderstanding of ECF 411 and 414 in connection with the pending Rule 72(b) review.

Granting this limited relief will not disturb the Court's current briefing schedule, but will ensure that the controlling evidence at ECF 411 and 414—already served and referenced—remains properly preserved in the record.

Respectfully submitted,

Dated: October 12, 2025
New York, New York

/s/ Albert Rojas
Albert Rojas (Pro Se Defendant)
319 W. 18th Street, Apt 3F
New York, NY 10011
rojas.albert@gmail.com
(646) 866-1669

> Application GRANTED. Defendant is granted leave to file a single supplement to his Rule 72(b) objection - but not to exceed two pages - no later than October 21, 2025. No response may be filed to it absent prior leave of Court. No further supplements to Defendant's objection will be permitted. The Clerk of Court is directed to terminate ECF No. 459. SO ORDERED.
>
> [signature]
> October 16, 2025

**Certificate of Service**

I certify that on October 13, 2025, I served the foregoing Motion for Leave to Supplement or Clarify Prior Rule 72(b) Objection by first-class mail and by courtesy email upon Plaintiff's lead counsel of record, Kimberly R. Karseboom, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 599 Lexington Avenue, 17th Floor, New York, NY 10022, and by courtesy email to William E. Grob at the same firm.