UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                              :

MPHASIS CORPORATION,                         :

                              Plaintiff,          :               25-CV-3175 (JMF)

                                              :

          -v-                           :           MEMORANDUM OPINION

                                              :             AND ORDER

ALBERT ROJAS,                              :

                                            :

                              Defendant,     :

                                            :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On January 13, 2026, Magistrate Judge Wang, to whom this case is referred for General Pretrial purposes, issued a Report and Recommendation ("R&R"), recommending, *inter alia,* that the Court find Defendant Albert Rojas in civil contempt. ECF No. 498. Magistrate Judge Wang concluded that Plaintiff had set forth a *prima facie* case for civil contempt based on a list of a facts certified to this Court, to wit that Rojas distributed confidential Mphasis materials, created spoof websites and fake email accounts, contacted Mphasis's employees and clients, and failed to pay sanctions, all in violation of Court orders. *Id.* at 12-14. Rojas has filed objections to the R&R. ECF Nos. 500-02, 505. Plaintiff has filed a letter supporting the R&R and alleging that Rojas has created a new website in violation of Court orders. ECF No. 506.

Section 636(e) of the Federal Magistrates Act provides that once a Magistrate Judge certifies facts to a district judge indicating civil contempt, as here, "[t]he district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." 28 U.S.C.A. § 636(e). In light of the plain language of this

provision, the Court concludes that it is required to conduct a *de novo* hearing to determine if Rojas should be held in contempt.  *See, e.g.*, *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 904 (3d Cir. 1992) ("Whereas section 636(b)(1)(C) requires the district judge to make a de novo *determination,* section 636(e) requires the district judge to conduct a de novo *hearing.*"); *Cricut, Inc. v. APA Tech. Co*., 698 F. Supp. 3d 538, 542 (E.D.N.Y. 2023) ("The district court, upon certification of the facts supporting a finding of contempt, is then required to conduct a de novo hearing at which issues of fact and credibility determinations are to be made.").

Consistent with the Court's standard procedures for non-jury trials (which are set forth in Section 6 of the Court's Individual Rules and Practices for Civil Cases, available at https://nysd. uscourts.gov/hon-jesse-m-furman), direct testimony will be taken by declaration or affidavit.  No later than **February 23, 2026**, the parties shall file declarations or affidavits constituting the direct testimony of each hearing witness, except for the direct testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person for whom the Court has agreed to hear direct testimony live at the hearing.  By the **same date**, the parties shall file on ECF copies of each exhibit sought to be admitted.  If electronic filing of exhibits would be an undue burden on a party, the party may seek leave of Court by letter-motion to submit prospective exhibits in hard copy.

Absent prior leave of Court, **no witness affidavit may exceed twenty pages in length**. Witness affidavits are subject to the same rules and restrictions as would apply in the case of live testimony (i.e., they are a direct substitute for the live direct testimony), so the parties should be diligent in complying with all applicable Rules of Evidence.

No later than **February 26, 2026**, each party shall file a letter listing all affiants whom that party wishes to cross-examine at the hearing. **Only those witnesses who will be cross-examined need to appear at the hearing.**

Finally, the parties shall appear for an evidentiary hearing on **March 3, 2026**, at **10:00 a.m.** in **Courtroom 24B** of the Daniel Patrick Moynihan Courthouse, **500 Pearl Street, New York, NY**.

Any filings that are inconsistent with this Order or do not pertain to the civil contempt hearing may be stricken from the docket.

Finally, to clean up the docket, **the Clerk of Court is directed to terminate ALL open motions in this case**. (That does not preclude the Court from considering or acting upon any motion that remains live, as appropriate.)

SO ORDERED.

Dated: February 4, 2026
New York, New York

_____
JESSE M. FURMAN
United States District Judge

3