UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                        :

MPHASIS CORPORATION,                  :

                                :

                Plaintiff,        :

                                :       25-CV-3175 (JMF)

       -v-                     :

                                :         ORDER

ALBERT ROJAS,                    :

                                :

                Defendant.    :

                                :

-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On March 12, 2026, the Court held a hearing with respect to the alleged noncompliance with Court orders by Defendant Albert Rojas. ECF No. 510. After the hearing, Rojas transferred his laptop to Plaintiff's counsel to comply with the Court's prior orders regarding forensic imaging. ECF Nos. 520, 525. Since then, Rojas has submitted several letters to the Court indicating that he intends to comply with the Court's orders and seeking clarification regarding the scope of the forensic imaging of his laptop. ECF Nos. 522, 523. This Order addresses those filings and the conduct of the forensic imaging.

### APPOINTMENT OF COUNSEL AND MEDIATION

Before turning to those issues, however, the Court feels compelled to express its firmly held view that it would be in the interests of both parties and the Court, not to mention justice, to resolve this case in a manner that both sides can live with. As the Court observed at the hearing, if Rojas were held in contempt and default were entered (or Plaintiff prevailed after further litigation), issues of compliance with any judgment would likely continue to arise. Moreover, it stands to reason that, with the passage of time, the allegedly confidential information in Rojas's

possession has become more stale, and its disclosure may not be as significant.  Put simply, further costly (and risky) litigation is in the interests of neither the parties nor the Court.

To that end, and having considered the relevant legal standard, the Court will seek to appoint pro bono counsel to represent Rojas **for the limited purpose of settlement** and order both parties to try in good faith to settle this matter.  *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  If the Court is able to find such counsel, he or she will file a Notice of Limited Appearance as Pro Bono Counsel.  Pro bono counsel will not be obligated for any aspect of Rojas's representation beyond the matters described in this Order.  In particular, pro bono counsel will not be required to represent Rojas with regard to the civil contempt proceedings. Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Rojas will end if settlement cannot be achieved.  Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Rojas in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Rojas or to the Court in this matter.

In light of Magistrate Judge Wang's role in the case to date — including the fact that her recommendation that Rojas be held in contempt is under advisement — the Court concludes that further settlement negotiations should be supervised by a different Magistrate Judge.  Magistrate Judge Sarah Netburn has graciously agreed to serve in that role and try to assist the parties in reaching a sensible resolution to this litigation.  Within **three business days of pro bono counsel's entry of a notice of appearance**, counsel for the parties should contact the Chambers of Magistrate Judge Netburn to schedule a settlement conference.

In the meantime, the Court will reserve judgment on Magistrate Judge Wang's Reports and Recommendations.  *See* ECF Nos. 447, 498.  In the event that the parties cannot reach a

resolution, the Court will proceed to rule on them.

## FORENSIC IMAGING

In the meantime, Plaintiff may proceed with the forensic imaging of Rojas's laptops in compliance with the Court's prior Orders on that front.  Once again, Rojas is ordered to promptly cooperate in full with Mphasis's counsel to return all confidential information of Mphasis in his possession, custody, or control, by participating in the forensic imaging process.  ECF Nos. 136, 207.  Rojas shall cooperate fully with the neutral forensic examiner to conduct an immediate forensic examination of his personal computer, including all email accounts, cloud accounts, and other relevant software/hardware utilized by Rojas since March 13, 2025.  ECF No. 207.  To that end, Rojas shall immediately provide (or take steps to provide) all necessary credentials in order to access those accounts in advance of the forensic examination.  Moreover, Rojas shall be available at the time of forensic imaging to speak with the forensic examiner if an issue arises.  Other than providing credentials and/or access information, and answering any queries from the forensic examiner, Rojas may not communicate directly with the forensic examiner.

The Court has repeatedly rejected Rojas's prior requests for limitations on the scope of imaging.  ECF Nos. 136, 140, 404.  That said, the neutral forensic examiner shall take reasonable steps to ensure that the forensic imaging exam is tailored to achieving Defendant's compliance with the Court's prior Orders and that the results of the examination of Rojas's laptop remain confidential, unless otherwise ordered by the Court.  Moreover, Plaintiff's counsel may not review any of the contents of the laptop unless and until another lawyer in her firm has reviewed them to screen out materials that are either personal in nature or litigation work product and not relevant to Defendant's compliance with the Court's Orders.  In light of these limitations, the Court will entertain no further objections to, or requests for clarification concerning, the imaging

3

of Defendant's computer; any future such requests may be denied summarily.

<strong>CONCLUSION</strong>

For the foregoing reasons, the Court refers this matter to Magistrate Judge Netburn for settlement. (As there is already an Order of Reference in place, the Court need not and will not enter a new Order. Instead, the undersigned will share a copy of this Order with Magistrate Judge Netburn for her awareness.) Additionally, the Clerk of Court is directed to seek pro bono counsel to enter a limited appearance for the purpose of settlement in the above-captioned action. If an attorney volunteers, the attorney will contact Rojas directly.

SO ORDERED.

Dated: March 20, 2026
New York, New York

JESSE M. FURMAN
United States District Judge

4