**Ogletree Deakins**

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

1270 Avenue of the Americas
24th Floor

New York, New York 10020
Telephone:  212-492-2500
Facsimile:   212-492-2501
www.ogletree.com

Kimberly R. Karseboom
(212) 492-2078
kimberly.karseboom@ogletree.com

June 9, 2026

Defendant shall file any response, not to exceed three single-spaced pages, no later than June 30, 2026.

**VIA ECF**

SO ORDERED

June 24, 2026

Hon. Jesse M. Furman
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

> Re:    *Mphasis Corporation v. Albert Rojas*
>         Civil Action No. 25-03175

Dear Judge Furman:

We represent Plaintiff Mphasis Corporation ("Mphasis") in the above-referenced matter.  We are filing this letter motion to compel Defendant Albert Rojas ("Rojas") to remove the website QBE.global and for costs and fees in relation to filing this letter motion. In an effort to keep costs and fees down, Mphasis submits this request for relief as a letter motion as opposed to a formal motion for said relief.

On June 8, 2026, Rojas emailed the undersigned and advised her that material that "organizes the operational facts and governance questions reflected in the record, including infrastructure constraints, endpoint accountability, security escalation, operational reliance, and the unresolved circumstances surrounding the QBE-issued laptop[]" is available at QBE.global, a website Rojas created and which is still active as of June 9, 2026. *Exhibit A*. The website disparages Mphasis, with the header reading "QBE.global | Mphasis.global Governance Failures[.]"  The website, which for confidentiality reasons will not be attached hereto, also alleges that Mphasis and QBE engaged in conduct that risked secure data and raised "[p]otential DLP concerns, cybersecurity risks, infrastructure limitations, and endpoint governance issues were raised internally and contemporaneously."

The preliminary injunction specifically prohibits Rojas from creating websites that disparage Mphasis or websites with Mphasis in the domain name. ECF No. 207, ¶ 5.  Rojas ignored the Court's order and believed that the Court would be none the wiser by using QBE in the domain name instead of Mphasis.  This is another example of Rojas deciding he is not required to abide by Court directives

Atlanta ▪ Austin ▪ Baltimore ▪ Berlin ▪ Birmingham ▪ Boston ▪ Buffalo ▪ Calgary ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Columbus ▪ Dallas ▪ Denver ▪ Detroit Metro Fresno ▪ Greenville ▪ Houston ▪ Indianapolis ▪ Kansas City ▪ Las Vegas ▪ Lexington ▪ London ▪ Los Angeles ▪ Memphis ▪ Mexico City ▪ Miami ▪ Milwaukee ▪ Minneapolis ▪ Montréal Morristown ▪ Munich ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland, ME ▪ Portland, OR Raleigh ▪ Richmond ▪ Sacramento ▪ Salt Lake City ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ St. Louis ▪ St. Thomas ▪ Stamford ▪ Tampa ▪ Toronto ▪ Torrance ▪ Washington, D.C.

Hon. Jesse M. Furman
June 9, 2026
Page 2

and injunctions, conduct which has been repeatedly addressed in other motion and the de novo contempt hearing.

As noted in Mphasis' letter dated June 5, 2026, which was filed before Rojas informed the undersigned that another website was active, the only remedy that has been at least partially effective is a monetary sanction. As such, in addition to compelling Rojas to remove the website, and any others of which we are unaware, we request that the Court award Mphasis attorney's fees and costs for needing to file this motion to compel.

We thank the Court for its consideration of this matter.

Respectfully submitted,

Kimberly Karseboom

Kimberly R. Karseboom