**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MPHASIS CORPORATION,

Plaintiff,

-against-

ALBERT ROJAS,

Defendant.

25-CV-3175 (JMF)(OTW)

**ORDER**

**ONA T. WANG, United States Magistrate Judge:**

The Court has reviewed ECF 611 and **DENIES** the motion because the Court will consider these past alleged violations in connection with the inquest, as follows:

If Plaintiff believes that Defendant is in violation of the language in the preliminary injunction (ECF 207), the Court directs the Plaintiff to file a limited submission by **November 10, 2026,** that proposes an updated inquest calculation that includes the violations identified in ECF 611. The Court notes that while Defendant appears to have violated the preliminary injunction, only one of the emails, sent on October 9, 2026, at 3:31 p.m., was sent directly to QBE; the rest of the emails involve Defendant copying QBE on communications with the Court.

Defendant may, but is not required to, file a **single** response by **November 17, 2026,** that addresses **only** the following: 1) whether or not he violated the preliminary injunction at ECF 207, which instructed him to "cease contacting the client of Mphasis for whom he created content while employed by Mphasis, QBE, and its employees"; and 2) whether and how he challenges Plaintiff's proposed calculations.

Additionally, the Court will construe ECF Nos. 609 and 610 to also constitute Defendant's opposition to Plaintiff's inquest submission, so any arguments in later or

unsolicited filings that are duplicative or redundant of ECF Nos. 595-605, 609, and 610 will be disregarded and may be stricken.

Again, Defendant is directed not to respond and not to file any more documents on the docket unless directed or given permission by the Court to do so. If he does so, he may be fined $5 for each violation and may lose his electronic filing privileges as the Court has warned on prior occasions. (*See* ECF Nos. 488, 493, 494, 495, and 497). Moreover, those filings may be stricken.

Defendant is again directed not to contact QBE pursuant to Judge Furman's order at ECF 207, which provides that his order "shall remain in effect until further ordered by this Court or entry of final judgment." As recently as August 6, 2026, Judge Furman reminded Defendant that the preliminary injunction directing him to cease contacting QBE was still in effect. (ECF 570 at 5). The Court reminds Defendant that QBE is not a party in this case and there is no need for Defendant to copy them on any filings to the Court. Doing so may result in further sanctions. Nothing in this order shall be taken to supersede or limit any of Judge Furman's orders in this case.

The Clerk is respectfully directed to close ECF 611.

**SO ORDERED.**

*/s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge

Dated: November 4, 2026
New York, New York